UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ITC FINANCIAL SERVICES, LLC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>R-G PREMIER BANK OF PUERTO RICO,<br><br>  Defendant. | Civil No. 05-2130 (JAF) |

**ORDER FOR PRELIMINARY INJUNCTION**

On October 27, 2005, ITC Financial Services, LLC, PRE Holdings Inc., ITC Financial Licenses, Inc., and PRE Solutions de Puerto Rico, Inc., (collectively "Plaintiffs") filed an Amended Complaint for a Temporary Restraining Order, Injunctive Relief and Damages (Docket Document No. 3) against Defendant R-G Premier Bank of Puerto Rico ("R-G"), seeking injunctive relief and damages for trademark infringement and unfair competition. On that same date, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (Docket Document No. 4) and a Memorandum in Support of their Motion for Temporary Restraining Order and Preliminary Injunction (Docket Document No. 5) against Defendant R-G.

On November 16, 2005, this court held a hearing to consider whether to grant the injunctive relief sought by the Plaintiffs. According to the evidence presented, the court makes the following findings:

Civil No. 05-2130 (JAF)                                                                      -2-

1.   Plaintiffs have used the mark MIO™ to promote their prepaid card services, including their MIO Card in the United States since September 2004. Plaintiffs have been promoting the MIO™ Card in Puerto Rico for nearly a year and are on the verge of launching the MIO™ Card to retailers; they anticipate that the card will be available in retail stores in Puerto Rico in the next few months.

2.   R-G is currently engaged in an extensive advertising campaign using the mark "MIO" and/or "Mio" to promote banking services which include products that compete with Plaintiffs' MIO™ Card, such as R-G's Visa Gift Card, Visa Travel Money Card, and other banking cards.

3.   Not only were Plaintiffs promoting the MIO™ Card in Puerto Rico for months before R-G launched its campaign, but R-G actually knew about the MIO™ Card and its pending availability in Puerto Rican retail stores when it launched its campaign. Indeed, representatives of Plaintiffs met with R-G's Vice-President of Retail Banking in September 2004, to determine if R-G could assist Plaintiffs in issuing the MIO™ Card in Puerto Rico.

4.   Furthermore, De la Cruz & Associates, the firm responsible for R-G's MIO advertising campaign, never conducted a due diligence and/or background check on the mark "MIO" and/or "Mio" before R-G's launch of its MIO campaign.

    5.   When R-G launched its MIO advertising campaign, Plaintiffs immediately began experiencing actual confusion between their MIO™ mark and card and R-G's MIO campaign.

    After carefully considering the evidence presented, this court finds that Plaintiffs are entitled to their requested injunctive relief due to their likelihood to prevail on the merits of their trademark infringement and unfair competition claims.  Plaintiffs have preliminarily demonstrated that R-G's use of the MIO mark has resulted in a substantial likelihood of confusion, resulting in both a likelihood of success on the merits, as well as irreparable injury. Plaintiffs have shown that they use, and thereby own the MIO™ mark, that R-G is using that same mark, and that R-G's use is likely to confuse the public, thereby harming Plaintiffs.  Furthermore, when similar, let alone, identical marks are used to promote similar products, a likelihood of confusion will result.  The parties are also using the same advertising channels to reach the same consumers. Since Plaintiffs have demonstrated a substantial likelihood of success on the merits, irreparable harm is presumed.  Moreover, in addition to the presumption of irreparable harm, Plaintiffs demonstrated irreparable harm to their goodwill and reputation. Finally, the court finds that Plaintiffs' injury outweighs any harm which granting Plaintiffs' requested injunctive relief would cause R-G, and Plaintiffs' requested injunctive relief serves the public interest in preventing consumer confusion.

Civil No. 05-2130 (JAF)                                                    -4-

1       Accordingly, this court enters an Order for Preliminary
2  Injunction pursuant to Federal Rule of Civil Procedure 65(b), against
3  Defendant R-G and each of its divisions, related companies, officers,
4  directors, agents, servants, employees, and all those acting in
5  concert or participation with it or them, ordering them to cease and
6  desist from:
7       (1) using or authorizing the use of the "MIO" and/or "Mio"
8           mark, or any variations of the term without regard to
9           capitalization of any of its letters or any other
10          confusingly-similar mark, design or designation thereto, in
11          any form, or in any manner;
12      (2) passing off or inducing or enabling others to sell or pass
13          off any goods or services which are not authorized by
14          Plaintiffs as and for goods or services sponsored or
15          endorsed by, associated or affiliated with Plaintiffs;
16      (3) unfairly competing with, injuring the business or
17          reputation of, or damaging the goodwill of Plaintiffs in
18          any manner and any other representation that falsely
19          describes or represents the nature, characteristics,
20          qualities or benefits of R-G's goods or services, and any
21          association or approval of those goods by Plaintiffs, and;
22      (4) falsely representing themselves as being connected with,
23          sponsored by or associated with Plaintiffs.

Civil No. 05-2130 (JAF)                                                      -5-

1    The present order is issued as of today, November 17, 2005, and
2    will extend for the pendency of this case.
3    **IT IS SO ORDERED.**
4    San Juan, Puerto Rico, this 17th day of November, 2005.

5                                             S/José Antonio Fusté
6                                             JOSE ANTONIO FUSTE
7                                             Chief U. S. District Judge