## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ITC FINANCIAL SERVICES, | CIVIL. NO. 05-2130(JAF) |
| LLC, PRE HOLDINGS, INC., ITC FINANCIAL LICENCES, INC., and PRE SOLUTIONS | |
| | Trademark infringement and Unfair |
| DE PUERTO RICO, INC., | Competition |
| Plaintiffs, | PLAINTIFFS DEMAND TRIAL BY |
| v. | JURY |
| R-G PREMIER BANK OF PUERTO RICO, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY STIPULATED

AND AGREED, subject to the approval of the Court, as follows:

1. **Types of Information for Protection Under This Order**:

Documents and things reasonably considered in good faith by a party to contain

either: (a) non-public, proprietary, or confidential financial or business information, (b)

technological trade secret information, (c) non-public, proprietary, or confidential sales

and customer information, or (d) non-public, proprietary, or confidential corporate and

strategic planning information may be marked either "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS EYES ONLY," depending on the sensitivity of the

documents and things. The designation "CONFIDENTIAL – ATTORNEYS EYES

ONLY" shall be reserved for information that would, in the good faith belief of the producing party, be likely to cause harm to the competitive position of the producing party if disclosed to the party or non-party receiving the information. The parties agree not to designate information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

2.     **Disclosure of CONFIDENTIAL Information**:

With respect to all documents and things produced by a party to this action for inspection and copying and which are designated as "CONFIDENTIAL" by the producing party, the documents and things, and the information contained therein, shall be kept confidential, and except as noted in paragraph 6 of this Confidentiality Order (which concerns the disclosure of such information to designated experts), shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a)     The outside litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside litigation attorneys;

(b)     Those employees and agents of the receiving party having a need to know;

ATL01/12087116v1                                    2

(c)   Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in the litigation;

(d)   Any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony is this case;

(e)   Third party entities, and the employees of said third party entities, retained by the outside attorneys to provide support services in this action;

(f)   The Court, including its clerks, reporters, and staff;

(g)   The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; and

(h)   Such persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

Furthermore, the documents and things, and the information contained therein, shall be received and used only for purposes directly related to this action and not for promotional or competitive purposes.

3.   **Disclosure of CONFIDENTIAL – ATTORNEYS EYES ONLY**

**Information**:

With respect to all documents and things produced by a party to this action for inspection and copying and which are designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" by the producing party, the documents and things, and the information

contained therein, are included within the meaning of Confidential Information as used in this Confidentiality Order, and all provisions set forth in the Confidentiality Order that apply to Confidential Information also apply to material designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY."

All documents and things, and the information contained therein, of documents and things designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be kept confidential, and except as noted in paragraph 6 hereof (which concerns the disclosure of such information to designated experts), shall not be communicated in any manner, either directly or indirectly, to any person or entity other than a person or entity enumerated in subparagraphs 2(a) and 2(c)-(h) of this Order. Documents, information, and other things designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be disclosed or communicated in any manner, either directly or indirectly, to persons referred to in subparagraph 2(b) of this Confidentiality Order.

Furthermore, the documents and things, and the information contained therein, shall be used only for purposes directly related to this action and shall not be used by the parties or the parties' subsidiaries, employees, directors, or agents for any other purpose.

4.    **Depositions**:

If depositions are conducted in this action which involve information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by a party, the transcript may be marked and treated, in whole or in part, in the same manner as documents and things. In the event that a party gives notice that deposition testimony

to be given may involve information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," the portions of said depositions involving such information will be taken in camera with no one present except said attorneys, the reporter, the deponent and such other persons as would be allowed to receive the information under paragraphs 2 and 3 above. Regardless of whether notice was given at the deposition, deposition transcripts shall be considered "CONFIDENTIAL – ATTORNEYS EYES ONLY" for five (5) business days after delivery of the transcript to the parties. Counsel shall have five (5) business days after delivery of a deposition transcript to designate portions thereof (by specific page and line numbers) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." Unless so designated, any confidentiality is waived after the expiration of the five (5) day (or other agreed) period, unless otherwise stipulated or ordered.

If any such deposition testimony is filed with the Court, it shall be handled in accordance with paragraph 8 of this Consent Confidentiality Order.

5.    **Exclusion from Depositions**:

All persons, other than the parties and their counsel, present at the taking of the depositions in which such information is involved, upon notice of the terms of this Confidentiality Order, are hereby enjoined from disclosing to any other person not directly interested in this litigation or not authorized under this Confidentiality Order to receive such information the testimony of the deponent regarding such information.

Furthermore, whenever any documents, information, or other things designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS EYES ONLY" are to be

discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

6.    **Confidentiality Agreement**:

Before the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information to any person referred to in paragraph 2 hereof, except those persons falling under subparagraph 2(a) above, certified shorthand or court reporters falling under subparagraph 2(d) above, and Court personnel falling under subparagraph 2(f) above, each such person shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Confidentiality Order.  The executed declarations shall be maintained by counsel for the party that intends to disclose the Confidential Information, and copies of such executed declarations shall be provided to counsel for the producing party within ten days after execution.

In connection with independent experts and consultants falling under subparagraph 2(c) above, each party shall disclose in writing to the other parties the identity, residence, and curriculum vitae of each independent expert or consultant, and shall provide the producing party with a copy of the declaration executed by each independent expert or consultant, at least two (2) business days prior to any disclosure of any documents, information or other things designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to such expert or consultant.  Such curriculum vitae shall disclose all current and former employers and all consulting

engagements of the independent expert or consultant over the past five (5) years. If a party objects to an identified expert or consultant, the party shall make its objections known in writing within two (2) business days of notification. If agreement on the independent expert cannot be reached, the objecting party shall have two (2) business days after making its objections known to seek relief from the Court. In such a case, no disclosure shall be made to the expert or consultant until the Court has ruled on the objecting party's motion for relief. If the objecting party fails to seek relief from the Court within that time, the objection shall be deemed waived and the documents, information, or other things may be disclosed to the expert or consultant subject to the other provisions of this Confidentiality Order.

7.    **Court Procedures**:

In the event a party wishes to submit any information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with this Confidentiality Order to the Court, the party shall submit it to the Court in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, a statement of the nature of the contents, the word "Confidential," and a statement substantially in the following form:

> **This envelope is sealed pursuant to an Order of this Court dated _____ and contains information designated as "Confidential." It is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.**

The envelope or container shall not be opened except by order of the Court. The Clerk of the Court is hereby directed to maintain such information as provided by this Confidentiality Order.

### 8. **Confidential Information at Trial or Hearing**:

Information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with this Confidentiality Order may be disclosed in testimony at the trial of this action or hearing or offered in evidence at the trial of this action or hearing, subject to the Federal Rules of Evidence and subject to such further order as this Court may enter, provided that the offering party shall give notice to counsel for the party that designated the documents or information as Confidential Information prior to such disclosure. Upon such notice, a party to this action may request that the Court receive the evidence in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered documents or information should continue to be treated as Confidential Information, and may impose restrictions to protect the documents or information.

### 9. **Re-designation of Confidential Information**:

If at any time, the receiving party disagrees with the producing party's designation of any document either as "CONFIDENTIAL" or as "CONFIDENTIAL – ATTORNEYS EYES ONLY," the receiving party may seek to downgrade the confidentiality or to remove particular items of Confidential Information from this Confidentiality Order. In such event, the following procedure shall be utilized:

(a) The party or person seeking such downgrade or removal shall give counsel of record for the other parties written notice thereof, supported by reasons therefore specifying the document, information, or other things as to which such downgrade or removal is sought and the parties thereafter shall informally attempt to

resolve the matter promptly, but the responding party shall have at least five (5) business days after the receipt of the request to re-designate to investigate the action;

(b)  If the parties cannot reach agreement concerning the matter within the prescribed period, or such shorter time as the Court may allow, then the party seeking the downgrade or removal of Confidential Information from this Confidentiality Order may file and serve a motion for an order of this Court for appropriate relief.  Any such motion shall be set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all parties.  The party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection or the degree of protection sought.

(c)  If a party decides to downgrade the degree of confidentiality or to remove particular items of Confidential Information from this Confidentiality Order, the producing party shall produce to the other parties substitute copies of such documents bearing the desired designation.   The parties to whom the substitute copies are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents to the extent possible.

No party shall be obligated to challenge the propriety of the designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" upon its production in this case, and a failure to do so shall not preclude any subsequent objection to such designation or motion for leave to disclose such material or the

information contained therein to persons not referred to in this Confidentiality Order, or from otherwise modifying the provisions of this Confidentiality Order.

10.   **No Waiver**:

Neither the acceptance by a party of any information, document, or thing identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" hereunder nor the failure of a party to take any action to enforce the provisions of this Confidentiality Order shall constitute a concession that the information, document, or thing is confidential or a trade secret.

11.   **Return of Information**:

Those documents, deposition transcripts, or other information identified by any party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" and all copies thereof, shall be retained at the offices of counsel for the receiving party, and at the termination of this action (whether by settlement or final judgment), unless otherwise ordered by the Court, either shall be (i) returned to the producing party, or (ii) shall be destroyed within thirty (30) days of the termination of this action, in which event counsel shall give written notice of such destruction to opposing counsel.

In no event shall a party retain a copy of the Confidential Information produced to it, except that outside litigation counsel may keep one copy of court submissions containing confidential information for archival purposes. Nothing in this Confidentiality Order requires the return or destruction of attorney work-product or attorney-client communications of either party that is maintained and stored by counsel in the regular

course of business. Furthermore, nothing in this Confidentiality Order requires the return of Confidential Information filed with the Court.

### 12. **Violations of the Confidentiality Order**:

If a party believes there has been a violation of the Confidentiality Order, the party shall provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days after receipt of the written notice of the alleged violation to investigate the assertion. If the parties are unable to resolve the issue, then the party asserting that a violation has occurred shall move for relief and give written notice to all parties of its intent to so move.

### 13. **Failure to Designate Information as Confidential**:

If through inadvertence, error, or oversight, a party fails to properly designate a document, tangible thing, information, or testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s), testimony, or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible thing(s), testimony, or information in the same manner as if it had been properly designated or classified originally, except to the extent that such information has already been disclosed to recipients who otherwise would not have been entitled to have the information disclosed to them in the first place. Any

party who has received such re-classified information and has not agreed to be bound by this Confidentiality Order shall execute a statement (Exhibit "A") averring that they have read and understand this Confidentiality Order and agree to be bound by its terms. Thereafter, the party failing to make the initial designation may seek relief from the Court. In no event shall a disclosure of recipients be deemed a waiver of any privilege or immunity.

If a party decides to add a designation to any document previously produced without a designation, the producing party shall produce to the other parties substitute copies of such documents bearing the desired designation. The party to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

The receiving party may object to such reclassification in writing. Upon such an objection being timely made, the Court shall determine whether or not such material can properly be reclassified. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s), or information in the same manner as if it had been properly designated or classified originally.

14.    **Production Not a Waiver**:

If through inadvertence, error, or oversight, a party produces any document(s), tangible thing(s), or information that it believes is immune from discovery pursuant to attorney-client privilege, attorney work product immunity, or any other privilege or immunity, such production shall not be deemed a waiver, and the producing party may

give written notice to the receiving party that the document(s), tangible thing(s), or information so produced is deemed privilege and that the return of the document(s), tangible thing(s), or information is requested. Upon receipt of such written notice, the receiving party shall immediately undertake to gather the original and all copies of the document(s), tangible thing(s), or information and shall immediately return the original and all such copies to the producing party. Return of such document(s), tangible thing(s), or information to the producing party shall not preclude the receiving party from later moving to compel production of the returned document(s), tangible thing(s), or information.

15.    **Non-party Reliance on Order**:

In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Confidentiality Order with respect to any information provided to the parties by so advising the parties to this action in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in its information.

For purposes of this section, non-party De La Cruz and Associates shall be deemed to have invoked the terms of this Confidentiality Order with respect to all information produced to Plaintiffs, except for the copies of the "Mío" advertisements. For purposes of this section, non-party Promoxchange shall be deemed to have invoked the terms of this Confidentiality Order with respect to all information produced to Defendant.

16.   **No Waiver of Privilege**:

Nothing in this Confidentiality Order shall be deemed a waiver of the attorney-client, work product, or any other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure.

17.   **Disclosure of Confidential Material to Unauthorized Person**:

If "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Confidentiality Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure, shall use its best efforts to retrieve the material or information, and shall make every effort to prevent further disclosure by the unauthorized person(s).   Notwithstanding the foregoing, outside counsel of record are responsible for employing reasonable measures to control, consistent with this Confidentiality Order, duplication of, access to, and distribution of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" materials. Nothing in this Confidentiality Order shall prevent a party from moving for an Order of contempt or other such relief for any violation of this Confidentiality Order.

18.   **Non-party Requests for Information Subject to This Order**:

If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking information that was designated as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS EYES ONLY" by someone other than that party, the party shall give written notice by hand or facsimile transmission within ten (10) business days of receipt of such subpoena, demand, or legal process, or before the time specified for compliance if such time is less than ten (10) business days after receipt of such subpoena, demand, or legal process, to the party who designated the information, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Confidentiality Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Confidentiality Order to challenge or appeal any order requiring production of information subject to this Confidentiality Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

19.   **No Restriction on a Party's Use of Its Information**:

Nothing herein is intended to prohibit or restrict in any way a party's (or its attorneys') use or distribution of its own information.

20.   **Effective Date**:

This Confidentiality Order shall be in effect upon execution by counsel for plaintiff and defendants and shall govern the above-captioned action subject to any further written amendments. This Confidentiality Order shall also govern any other action consolidated with the above-captioned action upon execution and submission to the Court by the consolidated parties without further order of this Court. Plaintiff and defendants agree to be bound by the terms of this Confidentiality Order pending its adoption by the Court.

21.    **Amendments**:

Either party may move to amend this Confidentiality Order at any time. Moreover, the parties entering into this Confidentiality Order will not be deemed to have waived any of their rights to seek later amendment to this Confidentiality Order.

SO ORDERED, this ____8th____ day of ____December____, 2005.

S/JOSE A. FUSTE
_____
THE HONORABLE JOSE A. FUSTE
UNITED STATES DISTRICT JUDGE
DISTRICT OF PUERTO RICO

CONSENTED TO and effective between the parties, this __5th__ day of

December, 2005:


_____                    _____
Eric A. Tulla                                 Edgardo Colón Arraras, Esq.
Jose Baque                                    Victor J. Quinones, Esq.
RIVERA, TULLA and FERRER                      Goldman Antonetti & Cordova,
50 Quisqueya Street                           American International Plaza,
San Juan, Puerto Rico 00917                   Fourteenth Floor, 250 Muñoz Rivera
Tel.: (787) 753-0438                          Ave., Hato Rey, P.R. 00918
Fax: (787) 767-5784                           Tel. (787) 759-8000
                                              Fax. (787) 753-0109
Frank G. Smith, III
Georgia Bar No. 657550
fsmith@alston.com                             Attorneys for Defendant
Robert L. Lee                                 R-G Premier Bank of Puerto Rico
Georgia Bar No. 443978
rlee@alston.com
Elizabeth N. Kemmerer
Georgia Bar No. 413272

ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, GA  30309-3424
Phone: (404) 881-7240
Fax: (404) 881-7777

Attorneys for Plaintiffs
ITC Financial Services, LLC, PRE Solutions de
Puerto Rico, Inc., PRE Holdings, Inc, and ITC
Financial Licenses, Inc.